# EXHIBIT A

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

| | | |
|---|---|---|
| Joelma Thomas | : | |
| 310 Deer Run Court | : | |
| Limerick PA 19468, | : | |
| Plaintiff | : | 2012-08294 |
| v. | : | |
| Leading Edge Recovery Solutions, LLC | : | |
| 5440 N Cumberland Ave, Suite 300 | : | |
| Chicago, IL 60656-1490 | : | |
| **and** | : | |
| John Does 1-20 | : | |
| and | : | |
| XYZ Corporations | : | Jury Trial Demanded |
| Defendant(s) | : | |

**NOTICE**

YOU HAVE BEEN SUED IN COURT.  IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU.  YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE DEFENDANT.  YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERENCE SERVICE
MONTGOMERY COUNTY BAR ASSOCATION
100 W. Airy St. (REAR), NORRISTOWN, PA 19401
(610) 279-9660, EXTENSION 201

Montgomery County Legal Aid Services
625 Swede St., Norristown, PA 19401
610-275-5400

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

MAIL RECEIVED
PROTHONOTARY
MONTGOMERY COUNTY
2012 JUN 15 A 9 23

Joelma Thomas                                   :
310 Deer Run Court                              :
Limerick PA 19468,                              :
                          Plaintiff             :          2012-08294
                                                :
v.                                              :
Leading Edge Recovery Solutions, LLC            :
5440 N Cumberland Ave, Suite 300                :
Chicago, IL 60656-1490                          :
**and**                                         :
John Does 1-20                                  :
and                                             :          Jury Trial Demanded
XYZ Corporations                                :
                          Defendant(s)          :

## **COMPLAINT**

### **INTRODUCTION**

1. This is a lawsuit for damages brought by an individual consumer for Defendant's alleged

   violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter

   "FDCPA.



2012-08294-0002
6/15/2012 11:26:27 AM
Complaint In
Receipt # Z1553263      Fee      $0.00
Mark Levy - Montgomery County Prothonotary



## PARTIES

2.  All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

3.  Plaintiff is Joelma Thomas, an adult individual with a current address of 310 Deer Run Court, Limerick PA 19468, in Montgomery County, Pennsylvania.

4.  Defendants are the following business entities.

    a.  Leading Edge Recovery Solutions, LLC, a business with a principle place of business located at, 5440 N Cumberland Ave, Suite 300, Chicago, IL 60656-1490.

    b.  John Does 1-10, individuals or business entities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such Does played a substantial role in the commission of the acts described in this complaint.

    c.  X,Y,Z Corporations, business identities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this complaint.

## JURISDICTION AND VENUE

5.  All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

6.  Defendant(s) is / are within the jurisdiction of this Court.  Defendant regularly transacts business in the above captioned Pennsylvania.  Thus, Defendant(s) has obtained the benefits of the market in the above captioned county in Pennsylvania.

7.  Venue is proper in this jurisdiction because  Defendant(s) transacts business throughout the Commonwealth of Pennsylvania in general and within the above captioned county in Pennsylvania.

8.  A substantially portion of the conduct complained of occurred in the above captioned county in Pennsylvania, Pennsylvania.  Plaintiff resides in the above captioned county in Pennsylvania.

**COUNT ONE: VIOLATION OF THE ELECTRONIC
FUNDS TRANSFER ACT (EFTA), 15 USC 1693 ET. SEQ.
Prohibited Implementation of a Preauthorized Transfer**

9. The previous paragraphs of this Complaint are incorporated by reference and made a part of the Complaint.

10. The purpose of the EFTA is "to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693. The primary objective of the EFTA "is the provision of individual consumer rights." Id.

11. Plaintiff maintained an "account" as that term is defined in 15 U.S.C. § 1693a(2).

12. Plaintiff was a "consumer" within the meaning of 15 U.S.C. § 1693a(5).

13. Defendants engaged in "preauthorized electronic fund transfers," as that term is defined in 15 U.S.C. § 1693a(9), by debiting Plaintiff's bank account on a monthly basis.

14. Defendant(s) engaged in electronic funds transfer because electronic checks are considered to be electronic funds transfers.  See 12 CFR 203.5 (b) (2).

15. Defendants engaged in "unauthorized electronic fund transfers," as that term is defined in 15 U.S.C. § 1693a(11), by debiting Plaintiff's bank account without Plaintiff's prior written authorization.

16. The EFTA provides that "[a] preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made." 15 U.S.C. § 1693e(a). "In the case of preauthorized transfers from a consumer's account to the same person which may vary in amount . . . the designated payee shall, prior to each transfer, provide reasonable advance notice to the consumer, in accordance with the regulations of the Board, of the amount to be transferred and the scheduled date of the transfer." 15 U.S.C. § 1693e(b).

17. As alleged herein, Defendants failed to comply with their duties under the EFTA because, Defendants initiated electronic fund transfers from Plaintiff's account, without obtaining Plaintiff's prior written authorization.

18. Defendants further failed to comply with the EFTA in that, insofar as Defendant(s) failed to comply with the requirements of the Electronic Signatures In Global And National Commerce Act, 15 U.S.C. § 7001 et seq., because Defendants did not obtain from Plaintiff a valid "electronic signature" within the meaning of 15 U.S.C. § 7006(5), and Defendants did not provide to Plaintiff any copy of the purported authorization, in electronic form or otherwise.

## COUNT TWO: VIOLATION OF THE ELECTRONIC
## FUNDS TRANSFER ACT (EFTA), 15 USC 1693 ET. SEQ.
### Failure to Cancel Preauthorized Transfer When Properly Notified to Do So

19. On November 1, 2011, a certain payment was scheduled to be debited from Plaintiff's personal bank account by Defendant(s).

20. Prior to the November 1, 2012 debit, Plaintiff realized that there was not enough funds in her bank account to allow the November 1, 2012 transaction to occur.

21. At least 5 days before the debit was scheduled to occur, Plaintiff then contacted Defendant(s) by telephone to request that Defendant(s) not go through with the scheduled debit.

22. 12 CFR § 205.10 (c) reads as follows.

> 12 CFR § 205.10 Preauthorized transfers.
>
> (c)  Consumer's right to stop payment--(1)  Notice. A consumer may stop payment of a preauthorized electronic fund transfer from the consumer's account by notifying the financial institution orally or in writing at least three business days before the scheduled date of the transfer.

23. Pursuant to 12 CFR § 205.10 (c), Defendant(s) had an absolute duty to stop payment on the pre-authorized transfer in accordance with Plaintiff's instructions.

24. Defendant(s) refused to cancel the debit despite Plaintiff's timely request that the debit not take place.

25. On or about November 1, Defendant(s) proceeded to process the debit in the amount of $473.66.

26. Said debit that occurred on or about November 1, 2012 caused Plaintiff's bank account to be overdrawn and to go into the negative.

27. Said overdraft caused Plaintiff overdraft fees.

28. Said overdraft caused Plaintiff emotional distress, fear, anger and worry.

**COUNT THREE: Violation of Fair Debt Collection Practices Act**
**15 USC 1692 et. seq.**
**Illegal and Unconscionable Collection activity**

29. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

30. At all times mentioned herein Plaintiff was a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

31. At all times mentioned herein Defendant(s) was a debt collector as defined by the FDCPA, 15 USC 1692 et. seq.

32. At all times mentioned herein, Defendant(s) was / were attempting to collect on an alleged consumer debt against Plaintiff.

33. At all times mentioned herein, Defendant(s) was attempting to collect on an alleged consumer debt against Plaintiff.

34. At various times during the Year of our Lord, 2011, Defendant(s) violated Plaintiff's rights under EFTA as described above.

35. 15 USC 1692 f of the FDCPA prohibits a debt collector from engaging in any unlawful, illegal or unconscionable collection activity while the debt collector is attempting to collect a debt.,

36. By violating EFTA, by engaging in an illegal pre-authorized transfer, Defendant(s) also violated 15 USC 1692 f, et, seq., by engaging in unlawful, illegal and unconscionable collection activity.

37. By violating EFTA, by refusing to cancel the scheduled debit, Defendant(s) engaged in unlawful and unconscionable collection activity.

38. By engaging in unlawful and unconscionable collection activity by violating EFTA, Defendant(s) violated 25 USC 1692 f which prohibits unlawful and unconscionable collection activity.

**COUNT FOUR: Violation of Fair Debt Collection Practices Act**
**15 USC 1692 et. seq.**
**Failure to Make Required Disclosures During Communication**

39. Within the applicable statute of limitations, prior to the commencement of this action,

Defendant contacted Plaintiff by telephone and left one or more voicemail messages

which read substantially as follows.

> *"Hi, Joelma Thomas, this is Elizabeth. Ms. Thomas if you can please return my call, it is important that I speak with you today." Reach me either at 888-306-0497. Thank you."*

> *"From phone number 888-306-0497. Received at 11:38a.m. Hi Joelma Thomas, this is Elizabeth Gonzales, I've been trying to reach you. Please give me a call back at 888-306-0497 at extension 137. Thank you." 21475570. I look forward to hearing from you. Thank you."*

40. The above referenced voicemail message(s) was / were a communication as defined by

15 USC 1692(a)(2). See Foti v. NCO Financial Systems, Inc., 424 F. Supp.2d 643

(S.D.N.Y. 2006); INMAN v. NCO FINANCIAL SYSTEMS, INC, United States District

Court for the Eastern District of Pennsylvania, Docket Number NO. 08-5866; Edwards v.

NIAGARA CREDIT SOLUTIONS, INC., United States Court of Appeals for the

Eleventh Circuit, Docket Number 08-17006. See GRYZBOWSKI v. I.C. SYSTEM, INC 3:CV-

08-1884, UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

*(2010).*

41. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading communications, and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these per se violations prohibited by that section are: the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, 15 U.S.C. § 1692e(11); and the failure by debt collectors to in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

42. Every telephone message left by a debt collector must give meaningful disclosure of the debt collector's identity, as well as state that the purpose of the call is to collect a debt. See Foti v. NCO Financial Systems, Inc., 424 F. Supp.2d 643 (S.D.N.Y. 2006); INMAN v. NCO FINANCIAL SYSTEMS, INC, United States District Court for the Eastern District of Pennsylvania, Docket Number NO. 08-5866; Edwards v. NIAGARA CREDIT SOLUTIONS, INC., United States Court of Appeals for the Eleventh Circuit, Docket Number 08-17006. See GRYZBOWSKI v. I.C. SYSTEM, INC 3:CV-08-1884, UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (2010).

43. The above referenced message(s) violated the FDCPA for reasons including but not limited to the following.

    a.    The telephone messages were placed without disclosure that the call was from a debt collector.

    b.    The telephone messages were placed without meaningful of the nature or purpose of the call.

    c.    The telephone messages were placed without meaningful disclosure of the debt collector's identity.

## LIABILITY

44. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

45. Defendant(s) is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant(s)' agents were acting within the scope of their employment with Defendant.

46. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

47. Any mistake made by Defendant(s) would have included a mistake of law.

48. Any mistake made by Defendant(s) would not have been a reasonable or bona fide mistake.

## DAMAGES

49. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

50. Plaintiff suffered at least $1.00 actual damages, including but not limited to phone, fax, stationary, postage, etc.

51. Plaintiff is entitled to the $473.00 wrongfully taken from her account on November 1, 2011.

52. Plaintiff believes and avers that Plaintiff is entitled to $746.00 taken by means of illegal preauthorized transfer as follows.

| | |
|---|---|
| 8-1-2011 | $257 |
| 9-1-2011 | $207 |
| 10-3-2011 | $282 |

53. Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory damages under the EFTA 15 USC 1693 et. seq.

54. Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory damages under the FDCPA 15 USC 1692k.

55. Plaintiff suffered emotional distress, fear, worry and anger as a result of Defendant(s) unlawful debt collection activity.

56. For purposes of a default judgment, Plaintiff believes and avers that the Dollar amount of such distress is valued at no less than $10,000.00.

## ATTORNEY FEES

57. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

58. Plaintiff is entitled to Attorney fees of $1,750.00 at a reasonable rate of $350.00 per hour.

59. Plaintiff's attorney fees are enumerated below.

| | |
|---|---|
| a.   Consultation with client.  In person and by phone | 1 hour |
| b.   Drafting, editing, review, filing and service of complaint and related documents | 2 hour |
| c.   Follow up with Defense | 2 |

5  x $350 = $1,750

60. Plaintiff's attorney fees continue to accrue as the case move forward.

## OTHER RELIEF

61. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

62. Plaintiff seeks injunctive relief barring further unlawful collection activity.

63. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

64. Plaintiff requests a jury trial in this matter

Wherefore, Plaintiff demands judgment against Defendant in the amount of no less than

$14,970 enumerated below, and for such additional amount as the Court deems appropriate.

$1.00 more or less actual damages for postage, stationary, mileage, bank fees, etc.

$1,000.00 statutory damages pursuant to 15 USC 1692k et. seq.

$1,000 statutory damages under EFTA

$746 Illegal Pre-authorized transfers

$473 actual damages for the money illegally taken on November 1, 2011

$1,750.00 attorney fees

$10,000 emotional distress

_____
    $14,970

Plaintiff also seeks an order enjoining Defendant(s) from further unlawful collection activity as described in this Complaint.

_____        6-11-12
Vicki Piontek, Esquire                    Date
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
Fax: 866-408-6735
palaw@justice.com

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

| | | |
|---|---|---|
| Joelma Thomas | : | |
| 310 Deer Run Court | : | |
| Limerick PA 19468, | : | |
| Plaintiff | : | 2012-08294 |
| | : | |
| v. | : | |
| Leading Edge Recovery Solutions, LLC | : | |
| 5440 N Cumberland Ave, Suite 300 | : | |
| Chicago, IL 60656-1490 | : | |
| **and** | : | |
| John Does 1-20 | : | |
| and | : | |
| XYZ Corporations | : | Jury Trial Demanded |
| Defendant(s) | : | |

## VERIFICATION

I, Joelma Thomas, affirm that the statements contained in the attached complaint are true and correct to the best of my knowledge, understanding and belief.


_Joelma Thomas_ _5-25-2012_
Joelma Thomas          Date